### State v. Pack
*[Cite as 4 AOA 27]*

*Case No. C-890355*
*Hamilton County (1st)*
*Decided June 20, 1990*

*Arthur M. Ney, Jr., Prosecuting Attorney, and Ronald E. Porter, Esq., 411 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Plaintiff-Appellee.*

*Daniel F. Burke, Jr., Esq., 1014 Vine Street, Suite 2520, Cincinnati, Ohio 45202, for Defendant-Appellant.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the assignments of error and the briefs of counsel, oral arguments having been waived by agreement of the parties.

Defendant-appellant, Darryl Pack, appeals from the judgment of the Hamilton County Court of Common Pleas in which he was found guilty of trafficking in marijuana, in contravention of R.C. 2925.03(A)(2). Appellant was also found guilty of the accompanying specification that he had been previously convicted of a crime of violence.[1]

The record reflects that on June 1, 1988, at approximately 5:30 p.m., the appellant and Jerome E. Jackson were in the vicinity of 24 Mercer Street in the Over-the-Rhine area of Cincinnati.[2] There is also evidence in the record that Cincinnati police officers, working in plain clothes and driving unmarked vehicles, were in the area and observed Jackson hand the appellant a green and white plastic bag from which the appellant removed a brown paper bag, which the appellant then deposited in an unlidded garbage can located directly behind him. The officers converged upon the pair, took them into custody and recovered the brown paper bag. Within the bag were fourteen small ziplock baggies containing a substance that was later determined to be marijuana by a chemist in the Hamilton County coroner's lab.

At the time of his arrest on the charge *sub judice,* the appellant was found to have no other contraband on his person. The police recovered from Jackson $203 and a paper upon which the prices for various quantities of marijuana were written.

During the proceedings below, the defendants offered testimony from Cletus Holloway that he observed two male blacks dressed in painter's clothing traverse Mercer Street shortly before the arrival of the appellant and Jackson. Holloway testified that the taller of the two individuals placed a brown paper bag in the garbage can from which the contraband at issue was recovered.

Jackson testified that, immediately prior to these events, he and the appellant had visited Jackson's bank, and that Jackson had withdrawn $200 from his account. Jackson further testified that he and the appellant then purchased beer and next, at Jackson's suggestion, made their way to Mercer Street to consume the beer at the residence of Holloway's mother. Jackson further stated that, while en route to Mercer Street, he and the appellant encountered two individuals in painter's garb who offered to sell them marijuana. Although he declined the invitation, Jackson explained, he had copied the prices of various quantities of marijuana, as quoted by the individuals, on the paper recovered by the arresting officers.

As noted above, the appellant was found guilty as charged and he was sentenced as it appears of record. From that judgment, the appellant brings this timely appeal[3] in which he asserts two assignments of error. In his first assignment of error, the appellant claims his conviction for trafficking in marijuana is against the manifest weight of the evidence. Accordingly, we have reviewed the record and determined that the jury, in assessing the weight of the evidence and the credibility of the witnesses, did not lose its way so as to create a manifest miscarriage of justice requiring a new trial. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 227 N.E.2d 212, paragraph one of the syllabus; *Tibbs v. Florida* (1982), 457 U.S. 31, 102 s. Ct. 2211. The first assignment of error is overruled.

In his second assignment of error, the appellant maintains that the trial court erred by denying his Crim. R. 29 motion to dismiss because the state failed to prove each and every element of the crime. The assignment of error is without merit because, as shown by our review of the record, reasonable minds could have differed as to whether each and every element of R.C. 2925.03(A)(2) had been proven beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St. 2d 261, 381 N.E.2d 184. The appellant's second assignment of error is overruled and the judgment of the Court of Common Pleas is affirmed.

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ.

---

[1] The trafficking charge was determined by a jury. The trial court found the appellant guilty of the specification after the appellant stipulated to the allegation it contained.

[2] Appellant and Jackson were tried together during the proceedings below. While Jackson was also found guilty of the offense *sub judice,* he is not a party to this appeal. See *State v. Jackson* (Nov. 8, 1989), Hamilton App. No. C-880685,

unreported, wherein Jackson's conviction was affirmed by this Court.

[3] On July 17, 1989 this Court granted appellant's motion for leave to appeal his conviction.